**14**

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
CHRISTIAN D. JINKERSON, CSB NO. 232143
KALEB L. JUDY, CSB NO. 266909
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
Email: hbedoyan@kleinlaw.com; jeaton@kleinlaw.com

Proposed Attorneys for Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JOHN VISSER and GRACE VISSER<br><br>Debtors-In-Possession. | Lead Case No. 12-17310-A-11 (Proposed)<br><br>Chapter 11<br>DC No.: KDG-14<br><br>(Proposed to be) jointly administered with: |
| In re:<br><br>JOHN VISSER DAIRY, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17311-A-11<br>DC No.: KDG-14 |
| In re:<br><br>VISSER RANCH TRANSPORT, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17312-A-11<br>DC No.: KDG-14 |
| In re:<br><br>DAIRYMAN'S CALF RANCH, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17313-A-11<br>DC No.: KDG-14 |
| In re:<br><br>LARIAT DAIRY, INC.,<br><br>Debtor-In-Possession. | Case No. 12-17314-A-11<br>DC No.: KDG-14 |

| | |
|---|---|
| In re:<br>GRACELAND DAIRY, INC.,<br>    Debtor-In-Possession. | Case No. 12-17315-A-11<br>DC No.: KDG-14 |
| In re:<br>VISSER RANCH, INC.,<br>    Debtor-In-Possession. | Case No. 12-17316-A-11<br>DC No.: KDG-14 |
| In re:<br>VISSER FARMS.,<br>    Debtor-In-Possession. | Case No. 12-17336-A-11<br>DC No.: KDG-14 |

■ Affects all Debtors

☐ Affects John Visser and Grace Visser only

☐ Affects John Visser Dairy, Inc., only

☐ Affects Visser Ranch Transport, Inc., only

☐ Affects Dairyman's Calf Ranch, Inc., only

☐ Affects Lariat Dairy, Inc., only

☐ Affects Graceland Dairy, Inc., only

☐ Affects Visser Ranch, Inc., only

☐ Affects Visser Farms only

Date:  October 3, 2012
Time:  1:30 p.m.
Place: United States Bankruptcy
       2500 Tulare Street, 5th Floor
       Department A, Courtroom 11
       Fresno, California
Judge: Honorable Fredrick E. Clement

**EXHIBITS IN SUPPORT OF MOTION BY DEBTORS FOR ORDER AUTHORIZING
DEBTORS' EMPLOYMENT OF
<u>GLASSRATNER ADVISORY & CAPITAL GROUP, LLC</u>**

| EXHIBIT | DESCRIPTION | PAGE(S) |
|---|---|---|
| A | Engagement Letters | 4–12 |
| B | George Demos' Curriculum Vitae | 13–14 |

| | | |
|---|---|---|
| 1 | Date: September 12, 2012 | KLEIN, DeNATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP |
| 2 | | |
| 3 | | By /s/ _____ |
| 4 | | Hagop T. Bedoyan |
|   | | Jacob L. Eaton |
| 5 | | Christian D. Jinkerson, |
|   | | Kaleb L. Judy, |
| 6 | | Attorneys for Debtors-in-Possession |



## GLASSRATNER

August 22, 2012

Mr. John Visser
15605 Avenue 208
Strathmore, CA 93267

Re : Engagement for Various Financial Advisory and Debt Restructuring Services

Dear Mr. Visser :

This letter will confirm the engagement of GlassRatner Advisory & Capital Group, LLC, ("GR") to provide a variety of financial advisory and management consulting services for John Visser, Grace Visser, Visser Ranch, Inc., Dairyman's Calf Ranch, Inc., Lariat Dairy, Inc., Graceland Dairy, Inc., Visser Ranch Transport, Inc., and John Visser Dairy, Inc. (collectively the "Client"). In the event that John Visser, Grace Visser, Visser Ranch, Inc., Dairyman's Calf Ranch, Inc., Lariat Dairy, Inc., Graceland Dairy, Inc., Visser Ranch Transport, Inc., and/or John Visser Dairy, Inc. file for protection under Chapter 11 of the U.S. Bankruptcy Code, GR is prepared to act as financial advisor to these entities in these proceedings, subject to Bankruptcy Court Approval.

This letter supersedes the engagement letter between GR and Visser Ranch, Inc. and various entities dated August 13, 2012.

The following are the terms and conditions of our agreement ("Agreement").

1.  The Client is experiencing financial difficulties and is asking GR to use its best efforts to assist in formulating financial strategies/plans to assist in the financial rehabilitation of the Client. Services which may be provided by GR include but are not limited to the following: (1) assisting with the assessment, formulation and/or implementation of financial, financial restructuring; (2) reviewing, evaluating, and participating in various negotiations with creditors, (3) assisting in procuring financing for the Client, and (4) otherwise assisting in such matters as will aid in accomplishing the foregoing.

2.  The services will be rendered by George Demos and various other consultants or professionals ("Professionals") as appropriate. GR reserves the right to utilize other GR Professionals, not named here, as required.

Exhibit _____A_____

Page _____4_____

Visser Ranch, Inc.
August 20, 2012

3. We cannot be officers, directors, or partners of the Client or the Client's affiliates, and we are acting solely in an advisory and consulting capacity. We cannot, and will not, make decisions on behalf of the Client. Any final decisions with regard to any of the matters involved in our engagement will remain solely those of the Client.

4. The terms of our compensation are as follows:

   a) <u>Hourly Time Charges:</u> A retainer of $50,000 will be required to begin work. You will be billed on a weekly basis for the amount of time multiplied by the standard hourly billing rates for each Professional. The standard hourly billing rates for those assigned to this project are:

   | | |
   |---|---|
   | George Demos | $225 |
   | Michael Shenk | $225 |
   | Other Consultants | $175-450 |

   All invoices, which will be submitted weekly, will be applied against the retainer and the retainer will be replenished when it reaches $5,000. In the event that John Visser, Grace Visser, Visser Ranch, Inc., Dairyman's Calf Ranch, Inc., Lariat Dairy, Inc., Graceland Dairy, Inc., Visser Ranch Transport, Inc., and/or John Visser Dairy, Inc. (the "Debtors") file for protection under Chapter 11 of the U.S. Bankruptcy Code, we understand that our retention and payment of fees is subject to Bankruptcy Court approval. In such case, GlassRatner will enter into a new engagement letter with the Debtors in conjunction with filing an application to be employed with the Bankruptcy Court and any retainer still unused as of the Chapter 11 petition date will be carried over and applied against fees and expenses incurred post-petition, subject to Bankruptcy Court approval.

   b) <u>Expenses:</u> Out-of-pocket expenses for travel, reproduction, printing, graphics, messenger services, overnight mail, shipping, postage, as well as other third party charges will be billed to you at our cost. Out-of-pocket expenses are in addition to the professional fees and are due and payable upon presentation. You have authorized us to advance such costs and make such out-of-pocket expenditures as may be reasonably necessary in connection with our services.

5. Either the Client or GR may terminate this Agreement at any time with or without cause. Upon termination, all professional fees and expenses incurred through the close of business on the date of termination are due and payable. GR reserves the right to stop work at any time if any invoices have not been paid.

6. GR is not a law firm, nor are our Professionals attorneys. As such we will not be providing legal advice, opinions on legal matters, drafting or reviewing legal documents, nor representing the Client on any legal matters. It is understood and agreed that the Client shall consult with an attorney or attorneys of its own choosing to assure itself in advance of its legal rights and obligations if it were to implement advice of GR.

Exhibit _____A_____

Page _____5_____

Visser Ranch, Inc.
August 20, 2012

7. GR is not a public accounting firm. Our procedures and consulting services will not constitute an "Audit" or "Review" in accordance with generally accepted auditing standards in the United States. Accordingly, we will not be expressing an Audit Opinion on any of the financial or other data received in this engagement.

8. Since the Client is experiencing financial difficulties, the Client acknowledges that GR is not guaranteeing any particular results. Because the information needed to prepare a strategic/business plan, various financial proformas, a bankruptcy plan, and/or other restructuring/workout documents will be based on assumptions and information provided by the Client, the Client's advisors, appraisers, accountants, and lawyers, the Client will assume full and complete responsibility for the information prepared. The Client understands and acknowledges that GR's work effort, analysis and advice are inherently subjective and that reasonable professionals/individuals reviewing the same information may reach entirely different conclusions. The Client releases GR from all responsibility as to the reliability and accuracy of the information provided to and prepared by GR. While we will use our best efforts and judgment in assisting the Client, in light of the Client's circumstances, we cannot guarantee any particular results or assume responsibility for the Client's ultimate survival.

9. The Client shall indemnify, defend and hold harmless GR, its officers, directors and employees from and against any and all claims, damages, losses, liabilities or fees made against or incurred by GR (collectively, "Liabilities") to the extent arising from the performance of services by GR pursuant to this Agreement. The foregoing indemnification shall not extend to Liabilities resulting from gross negligence or willful misconduct by GR, its officers, directors, employees or agents.

10. Because of the breadth and nature of our practice, from time to time GR may work for one client which may be a creditor or competitor of another client, or whose interests otherwise may be opposed to that of another client for which we work in an unrelated matter. Please be assured that, despite any such representations, we strictly preserve all client confidences and zealously pursue the interests of each of our clients. The Client agrees that it does not consider such concurrent employment in unrelated matters of the Client and any other client of GR to be inappropriate and, therefore, waives any objections to any such present or future concurrent assignments.

11. We do not anticipate any future issues to arise between us, but it is always prudent to provide an amicable process to resolve any that may occur. Therefore, we mutually agree that we will use all reasonable efforts to amicably resolve any controversy or claim arising out of or relating to this Agreement. In the event any controversy or claim cannot be resolved by agreement, we mutually agree to arbitration in Orange County, California in accordance with the rules of the American Arbitration Association. If either of us does institute any action or proceeding respecting the Agreement, the prevailing party will be entitled to reasonable fees, costs and expenses of attorneys, accountants, and other professionals and consultants.

12. This constitutes the entire understanding between Client and GR regarding our services. Further, this Agreement supersedes and replaces any prior agreements between the parties regarding GR's performance of services involving the Client. By executing this Agreement,

Exhibit ___A___

Page ___6___

Visser Ranch, Inc.
August 20, 2012

you acknowledge that you have read it carefully and understand all of its terms. This Agreement cannot be modified except by further written agreement signed by each party.

13. If the Client desires to retain GR to direct, coordinate, assist and/or participate in the raising of capital (debt and/or equity), sale or purchase of an asset(s), a separate agreement will be executed which outlines the scope of services and fee arrangement

If the scope of services, compensation, terms and conditions confirm your understanding, please sign the enclosed copy of this letter and return it to us with the required retainer. It is the intention of the parties that this Agreement cover all work performed by GR on this assignment including work that was performed prior to the execution of this Agreement.

Sincerely,

GLASSRATNER ADVISORY & CAPITAL GROUP, LLC

*[signature]*
J. Michael Issa
Principal

Accepted by:

_____  8-23-12
John Visser              Date

_____  8-23-12
Grace Visser             Date

_____  8-23-12
Visser Ranch, Inc.       Date

_____  8-23-12
Dairyman's Calf Ranch, Inc.  Date

_____  8-23-12
LaHat Dairy, Inc.        Date

_____  8-23-12
Graceland Dairy, Inc.    Date

_____  8-23-12
Visser Ranch Transport, Inc.  Date

_____  8-23-12
John Visser Dairy, Inc.  Date

Exhibit _____A_____

Page _____7_____



GLASSRATNER

August 27, 2012

Mr. John Visser
15605 Avenue 208
Strathmore, CA  93267

Re :   Engagement for Various Financial Advisory and Debt Restructuring Services

Dear Mr. Visser :

This letter will confirm the engagement of GlassRatner Advisory & Capital Group LLC ("GR") to assist in the financial restructuring of Visser Farms, Inc. (the "Client"), Case No. 12-17336 in United States Bankruptcy Court, Eastern District of California,. The following are the terms and conditions of our agreement ("Agreement").

The Client has filed Chapter 11 and has undertaken the administrative functions required during the bankruptcy proceeding, and is managing the continuing business operations of its operating entity. Given the Client's cash crisis, the time parameters and the work effort requirements, the Client has determined that it needs additional resources to assist with the planning, implementation and monitoring of the various critical activities. The Client has requested that GR provide assistance in these matters because of our background and experience and specific knowledge of the Client's industry.

Based on our discussions, the services to be provided by GR may include, but not be limited to, the following:

- Providing assistance in connection with the financial projections relative to motions to approve the use of cash collateral, for any sale of assets, or other motions;

- Preparing supporting documents relative to financial projections necessary for the bankruptcy process, including if necessary a written report summarizing the methodology, key assumptions, and findings;

- Assisting with and/or preparing reports to be filed by the Client with the U.S. Trustee's office;

Visser Farms, Inc.
August 27, 2012

- Reviewing, evaluating, and participating in various negotiations with creditors;

- Assisting with the assessment, formulation and/or implementation of a financial restructuring

- Assisting the Client and its bankruptcy counsel with respect to any negotiations regarding any chapter 11 plan and disclosure statement including proposed treatment of creditors;

- Assist in formulating and preparing the Client's disclosure statement and plan of reorganization, including the financial projections and supporting methodology, and supporting financial statements and pro-forma budgets and/or projections;

- Assisting the Client and its bankruptcy counsel with respect to negotiating with holders of secured and unsecured claims and responding to any objections to the bankruptcy plan by such claim holders, if and as is necessary;

- Assisting the Client and its legal counsel in preparing or responding to any competing disclosure statements, chapter 11 plans and/or motions for relief from stay or to sell properties;

- Assisting in modifying the plan and disclosure statements as appropriate; and

- Performing such other financial advisory services as may be required in the interests of the Client.

1. The services will be rendered by George Demos, Kerry Krisher, Michael Shenk, and various other consultants or professionals, as appropriate. GR reserves the right to utilize other GR professionals, not named here, as appropriate.

2. We cannot be officers or directors of the Client, and are acting solely in an advisory and consulting capacity. We cannot and will not make decisions on behalf of the management of the Client. Any final decisions with regard to any of the matters concerning which we have been retained will remain solely those of management and/or the Board of Directors.

3. The terms of our compensation are as follows:

   a) The Client agrees that GR may seek court approval of fees and costs incurred on an interim basis during Client's Chapter 11 cases. It is expressly understood that as part of its application to be employed, that GR will ask the court to approve monthly payment procedures i.e. *Knudsen Payment Procedures*. If Client and GR fail to reach a mutually satisfactory agreement concerning adequate assurance of payment, the Client hereby agrees that GR shall have the absolute right to withdraw as a financial consultant for the Client, be immediately relieved of any and all obligations to perform further services or otherwise represent Client, and retain all fees and costs earned and paid to date without

Exhibit_____A_____

Page _____9_____

Visser Farms, Inc.
August 27, 2012

  prejudice to GR's right to collect unpaid fees and costs in excess of amounts previously paid to GR. If GR agrees to continue representing Client without being provided with such adequate assurance of payment, GR shall not be deemed to have waived its rights to seek payment of fees and costs, nor shall GR be deemed to have waived its right to withdraw as financial consultant any time thereafter. All fees and costs paid or payable to GR are expressly conditioned upon Bankruptcy Court approval and amortization. GR agrees the same shall be subject to the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local Bankruptcy Rules and the Guidelines of the Office of the United States Trustee.

  b) <u>Hourly Charges:</u> GR will charge the Client for the actual time (hourly) spent by each professional multiplied by their standard hourly billing rate. The standard hourly billing rates for those initially assigned to this engagement are as follows:

| Name | Rate |
|---|---|
| Kerry Krisher | $450 |
| George Demos | $225 |
| Michael Shenk | $225 |
| Other Consultants | $175-350 |

  GR will submit bills to the Client on a monthly basis. In the event GR is served with a subpoena in connection with any matters covered by this Agreement, GR agrees to immediately notify the Client of such service. The Client shall pay for all GR's time and expenses associated with this action at the rates set out above.

  c) Subject to authorization from the U.S. Bankruptcy Court, the Client agrees promptly to satisfy the amounts reflected in such invoices within ten days of receipt thereof to the extent the Client or other parties in interest have no objection to such amounts, and to promptly communicate with GR regarding any objections regarding same.

  d) <u>Expenses:</u> Out-of-pocket expenses for travel, reproduction, printing, graphics, messenger services, overnight mail, shipping, and other 3rd party charges will be billed to Client at GR's cost in addition to GR's professional fees. Client has authorized GR to advance such costs and make such out-of-pocket expenditures as may be reasonably necessary in connection with our services.

  It is anticipated that the Client's counsel will present to the court our application for employment and compensation and subsequent fee applications. In the event that a problem should arise causing GR to receive assistance from legal counsel, the Client authorizes GR to employ counsel at Client's expense.

4. The Client agrees to use its best efforts to promptly submit and endorse this Agreement for approval of the court. GR reserves the right to promptly withdraw its services if the court does not approve this Agreement or the court does not review this Agreement shortly after filing.

5. The Client may terminate GR's service at any time. In addition, GR may withdraw from this assignment at any time with the Client's consent or with good cause without the Client's

Exhibit A

Page 10

Visser Farms, Inc.
August 27, 2012

consent. Good cause includes the Client's breach of this Agreement (including the Client's failure to timely satisfy any invoice), or any fact or circumstance that would render our continuing participation in this assignment unethical or unlawful.

Because the information needed to prepare various financial proformas, a bankruptcy plan, or other restructuring/workout documents will be based on assumptions and information provided by the Client's advisors, appraisers, accountants, and lawyers, the Client will assume full and complete responsibility for the information prepared. The Client understands and acknowledges that GR's work effort, analysis and advice are inherently subjective and that reasonable professionals/individuals reviewing the same information may reach entirely different conclusions. The Client releases GR from all responsibility as to the reliability and accuracy of the information provided to GR. While we will use our best efforts and judgment in assisting the Client, in light of the Client's circumstances, we cannot guarantee any particular results or assume responsibility for the Client's ultimate survival. If there is any dispute regarding GR's employment in the case, Client agrees that the dispute will be presented to the Bankruptcy Court for resolution, or, if the Bankruptcy Court no longer has jurisdiction, to binding arbitration.

6. GR is not a law firm, nor are our professionals attorneys. As such we will not be providing legal advice, opinions on legal matters, drafting or reviewing legal documents, nor representing the Client on any legal matters. It is understood and agreed that the Client shall consult with an attorney or attorneys of its own choosing to assure itself in advance of its legal rights and obligations if it were to implement advice of GR.

7. GR acknowledges that in connection with the services to be rendered by GR pursuant hereto, GR may obtain certain written and non-written information pertaining to the nature and operations of the Client of a confidential nature. GR agrees that GR will not, at any time during or subsequent to the term of this Agreement or any extension hereof, without the consent of the Client, disclose to any third party whatsoever any such confidential information, except as required by subpoena or by court order or by law.

8. Because of the breadth and nature of our practice, from time to time GR may work for one client which may be a creditor or competitor of another client, or whose interests otherwise may be opposed to that of another client, for which we work in an unrelated matter. Please be assured that, despite any such representations, we strictly preserve all client confidences and zealously pursue the interests of each of our clients. The Client agrees that they do not consider such concurrent employment in unrelated matters of the Client and any other client of GR to be inappropriate and, therefore, waives any objections to any such present or future concurrent assignments.

9. Each person signing this letter acknowledges that, during the course and scope of our engagement, we may be called upon to render advice or perform services concerning matters involving conflicts of interest of varying degrees of significance between or among the Client, its officers, directors, shareholders, employees and/or you. At all times, our efforts and advice will remain directed toward the advantage and best interests of the Client without regard to the interests of any person, group or entity which are or may be conflicting.

Exhibit _____A_____

Page _____11_____

Visser Farms, Inc.
August 27, 2012

10. This constitutes the entire understanding between the Client and GR regarding our services. Further, this Agreement supersedes and replaces any prior agreements between the parties regarding GR's performance of services in a bankruptcy case involving the Client. By executing this Agreement, you acknowledge that you have read it carefully and understand all of its terms. This Agreement cannot be modified except by further written agreement signed by each party.

It is the intention of the parties that this Agreement covers all work to be performed by GR on this assignment. If this Agreement is acceptable to you, please sign one copy of this letter and forward it to us.

Sincerely,

**GLASSRATNER ADVISORY & CAPITAL GROUP, LLC**

*J. Michael Issa* /KK
J. Michael Issa
Principal

Accepted by:

*[signature]*     9·12·12
Visser Farms, Inc     Date

A/12

# George J. Demos

## PROFESSIONAL EXPERIENCE

### Senior Managing Director  2012 – Present
*GlassRatner Advisory & Capital Group, LLC, a national advisory firm with offices in seven major cities. Senior Managing Director of the firm's California Central Valley office located in Bakersfield California. The firm provides a variety of crisis management services for its clients in many industries including operating turnarounds, buy and sell-side financial advisory services, debt restructuring and bankruptcy services.*

### Founder & Principal  2001-2012
*CFO Resources, Inc., a management advisory firm with expertise in interim CFO assignments, corporate turnarounds, pre-divestiture advisory, M&A and real estate.*
- *Recent engagements:* corporate turnarounds and workouts, interim CRO/CFO, capital sourcing, asset reviews, debt restructurings, acquisitions & divestitures, pre-divestiture advisory services, strategic plans, business valuations, directorships, start-ups, and process reviews for improvements.
- *Industries served:* manufacturing, agriculture, food processing, construction, construction services, banking, software development, hospitality, water well drilling, dairy, trucking, real estate, security, services, retail, professional service firms and distribution.

### Chief Financial Officer  1996-2001
*Grimmway Enterprises, Bakersfield, California, a privately owned company. Grimmway is the world's largest grower, packer and shipper of fresh, frozen and processed carrots. Annual revenues in excess of $500,000,000. Selected highlights include:*

- Initiated and directed the successful conversion from ineffective information systems to an integrated and cost-effective management information system able to provide users with relevant and timely information; restructured finance dept. for improved efficiencies.
- Improved cash management and financing functions whereby company experienced hundreds of thousands of dollars in annual interest savings.
- Provided M&A advisory in 1) the acquisition of California's largest potato packing operation and 2) a national leader in organic farming.

### Chief Financial Officer/Chief Operating Officer  1993-1996
*Superior Vision Services, Inc., Irvine, California, a privately held company. Superior Vision develops, markets, sells and administrates insured group benefits to large employers through a national network of 10,000 vision care providers. Selected highlights include:*

- Start-up company development including business plan development, strategic planning, capital funding, legal, licensing, accounting, tax, and personnel functions.
- Successfully negotiated with a nationwide, A+ rated insurance carrier to underwrite the Company's products to multi-state employers. Organized and licensed a wholly owned Arizona subsidiary to increase profitability through a reinsurance arrangement.
- Negotiated the successful spin-off from a wholly owned subsidiary of a public company to a privately held company by raising over $7,000,000 in start-up capital.

### Sr. Vice President & Chief Financial Officer  1991-1994

*Superior Eye Care, Inc., Bakersfield, California, a wholly owned subsidiary of Benson Eyecare Corporation (AMEX). Superior is a medical management company providing administration, marketing, and personnel services to medical practices. Selected highlights include:*

- Developed and provided operational results and communications to corporate boards of public and private companies including financial, budgets, forecasting, and capital expenditures.
- Negotiated the merger and acquisition of medical practices into a leading specialty-care medical management company bringing about increased economies, larger patient bases, qualified healthcare providers, and greater profitability.
- Increased geographic coverage and accessibility to patients through the expansion of cost effective regional offices making the Company more marketable for healthcare contracts for large employers and HMO's thereafter successfully negotiating several managed care contracts.

### Public Accounting - Partner  1989-1991
*Barbich, Longcrier, Hooper & King, Bakersfield, California, a regional CPA firm with offices in Bakersfield, San Diego and San Luis Obispo, California employing 50 professionals and 12 partners.*

- Applied a broad range of experience gained in private industry and public accounting to implement the successful development of Management Consulting Services in the areas of operational efficiencies, business valuations, litigation support services, and mergers & acquisitions.
- Profitably completed various engagements in the industries of wholesale distribution, healthcare, retail, agriculture, water storage districts, construction, professional corporations, and insurance agencies.

### Chief Financial Officer  1985-1989
*Advance Beverage Company, Inc., Bakersfield, California, and Tri-Eagle Beverage Company, Fairfield, California - distributors of Anhueser Busch and other beverage products; collective annual revenues in excess of $100,000,000. Selected highlights include:*

- Contributed to the successful acquisition and integration of Tri-Eagle Beverage Company including the preparation of valuation/leverage models and financing alternatives and the post-acquisition integration including personnel and strategic planning.
- Developed and implemented effective cash management procedures which decreased capital costs and improved cash flow.

### Public Accounting - Senior Manager  1981-1985

**EDUCATION & CERTIFICATION**
Certified Turnaround Professional (CTP)
Dept. of Real Estate #01912435
Certified Public Accountant – CA (Inactive)
Bachelor of Arts, Business/Accounting - California State Univ. Fullerton

**PROFESSIONAL & COMMUNITY AFFILIATIONS**
Turnaround Management Association-current member
Central California Bankruptcy Association-current member
Orange County Bankruptcy Forum-current member
Directorships – Private For-Profit Corporations-current
American Institute of Certified Public Accountants-member
Californian Society of Certified Public Accountants-member